1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

Shenzhen Zhanjiang Technology Co., Ltd.,

        *Plaintiff*,

      v.

Hyper Ice, Inc., and DataFeel Inc.

        *Defendants*.

**Case No. 25-cv-1602**

**Complaint For Declaratory Judgment**

**Jury Trial Demand**

## COMPLAINT

This is an action brought under the Declaratory Judgment Act by Plaintiff Shenzhen Zhanjiang Technology Co., Ltd., d/b/a BaoQTN ("Plaintiff" or "BaoQTN"), against Defendantss Hyper Ice, Inc. ("Hyperice"), and DataFeel Inc. ("DATAFEEL," and collectively with Hyperice as "Defendants"), seeking a declaration that Plaintiff's electronic cupping device, identified by ASIN B0FB2F8NFM (the "Accused Product" or "Electronic Cupping Device") do not directly or indirectly infringe Patent No. 11,931,174B1 (the "'174 Patent"), either literally or under the doctrine of equivalents, and/or that the '174 Patent is invalid. Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

## INTRODUCTION

1.    Plaintiff received a notice from Amazon.com ("Amazon"), stating that Amazon had received a report from Hyperice alleging that the Accused Product infringes U.S. Patent No. 11,931,174. *See* Exhibit A.

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

1
2
3
4
5
6

2.      Hyperice's objectively baseless infringement complaint to Amazon has caused, and continues to cause significant harm to Plaintiff, as the Accused Product has been removed from Amazon. Further, Plaintiff will lose all associated goodwill in the listings, not to mention lost sales. The alleged infringement complaint to Amazon is wholly without merit as the Accused Product does not meet each and every limitation of any claim under the '174 Patent.

7

## NATURE OF THE ACTION

8
9
10
11
12

3.      This action seeks Declaratory Judgments of patent non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the United States Patent Laws, 35 U.S.C. § 101 *et seq*. Defendants' actions have caused and continue to cause significant harm to Plaintiff, as the Accused Product has been removed from Amazon through enforcement of the '174 Patent.

13
14
15
16

4.      This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that Defendants' '174 Patent is invalid under at least 35 U.S.C. §§ 102, 103 and/or 112.

17

## PARTIES

18
19
20

5.      Plaintiff Shenzhen Zhanjiang Technology Co., Ltd is a Chinese company located in Shenzhen, China.

21
22

6.      Upon information and belief, Defendant Hyper Ice, Inc. is a California corporation, with a principal place of business at 525 Technology Drive, Suite 100, Irvine CA 92618.

23
24

7.      Upon information and belief, Defendant DataFeel Inc. is a Delaware corporation with a principal place of business at 1629 K Street NW, Suite 300, Washington, DC 20006.

25
26
27

8.      Upon information and belief, Defendant DATAFEEL is owner of the '174 Patent by assignment, and Defendant Hyperice is the exclusive licensee of the '174 Patent.

28

## JURISDICTION AND VENUE

-2-

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

10.      An actual case or controversy exists between the parties to this action. Defendants' actions have caused and continue to cause significant harm to Plaintiff as the Accused Product has been removed from Amazon through the enforcement of the '174 Patent. Defendants' actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

11.      This Court has personal jurisdiction over Defendants in this action at least because Defendants initiated and continues to pursue enforcement proceedings concerning the '174 Patent within this judicial district. *See*, e.g., *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884–86 (Fed. Cir. 2008) (holding that specific personal jurisdiction is satisfied by a patentee's "extra-judicial patent enforcement" efforts in the forum state). Specifically, Defendants submitted a complaint of infringement of the '174 Patent to Amazon.com, Inc. ("Amazon"), which has a place of business located at 410 Terry Ave. N, Seattle, WA 98109. Each claim presented herein arises from Defendants' actions directed at this forum, establishing sufficient minimum contacts under Washington's Long-Arm Statute, RCW 4.28.185.

12.      For the same reasons, venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action took place within this District.

## THE ACCUSED PRODUCTS

13.      Amazon sent a notice to Plaintiff stating that its Electronic Cupping Device was removed from the platform because of Defendants' patent infringement claim. The notice from Amazon is attached hereto as **Exhibit B**.

-3-

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

14.     In the notices, Amazon informed Plaintiff that the rights owner of the '174 Patent is identified as HYPERICE, with the rights owner's email address listed as barnold@hyperice.com. *Id.* The alleged infringement type is Patent and the Patent Number is U.S. 11,931,174. *Id.*

15.     The Amazon marketplace constitutes Plaintiff's primary sales channel in the United States. To remain competitive in the United States market for the Accused Product, Plaintiff must maintain its product listings on Amazon. Defendants' infringement complaint has placed Plaintiff's listings in imminent danger of removal from Amazon, thereby threatening to cut off access to Plaintiff's most significant channel of trade. As a result, Defendants' submission of the infringement complaint to Amazon has caused, and continues to cause, immediate and irreparable harm to Plaintiff.

## **U.S. PATENT NO. 11,931,174 B1**

16.     Upon information and belief, DATAFEEL is registered as the applicant and assignee of the '174 Patent. ***See* Exhibit B**.

17.     The '174 Patent is entitled "Communication Devices, Methods, And Systems" and generally discloses "as a body, a plurality of generator elements, and a housing. The body may contain a processing unit. The plurality of generator elements may be disposed within the body and be independently operable to output different energy types. The housing may be removably securable to the body. The housing may have a proximal end, a distal end, and a circumferential wall surrounding the plurality of generator elements when the housing is secured to the body, the distal end of the housing being positionable on skin about an area of the skin. The housing also may include an insulating material for permitting flows of the different energy types toward the area of skin and limiting flows of the different energy types outside the housing. Related apparatus, methods, and systems are described." **Exhibit B**, at Abstract.

COMPLAINT

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

18.     The '174 Patent was issued on May 19, 2020. The '174 Patent has 3 independent claim and 17 dependent claims. *See Id.*

## <u>COUNT I</u>

### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF ONE OR MORE CLAIMS OF THE '174 PATENT)

19.     Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

20.     An actual, continuing and justiciable controversy exists between Plaintiff and Defendants concerning the non-infringement of the '174 Patent by the Accused Product, as evidenced by Defendants' allegations of infringement on Amazon, as set forth above. A judicial declaration is necessary to determine the parties' respective rights regarding the '174 Patent.

21.     Plaintiff's Accused Product does not infringe any of the presumably valid claims of the '174 Patent, as the Accused Product fails to meet one or more elements of independent claims of the '174 Patent.

22.     Claim 1 of the '174 Patent recites:

A treatment device, comprising:
     a body containing a processing unit;

     a plurality of generator elements disposed within the body and being independently operable to output different energy types; and

     a housing removably securable to the body, the housing having a proximal end, a distal end, and a circumferential wall surrounding the plurality of generator elements when the housing is secured to the body, the distal end of the housing being positionable on skin about an area of the skin,

     wherein the housing includes an insulating material for permitting flows of the different energy types toward the area of skin and limiting flows of the different energy types outside the housing.

-5-

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

1   23.   The Accused Product does not literally meet Claim 1. The claim requires "a
2   plurality of generator elements … independently operable to output different energy types," and a
3   housing that includes insulating material to permit flows toward the skin while limiting flows
4   outside the housing. The Accused Product provides only a single energy type (thermal) via three
5   heating LEDs; those LEDs are ganged and cannot be operated independently; and the transparent
6   cup does not include insulating structure configured to direct thermal flow toward skin or limit
7   flow outside the housing, the housing of the accused product allows heat to be dissipated outside
8   the housing. Treating a single-mode, ganged heater without insulating confinement as equivalent
9   would vitiate the "independently operable" and "different energy types" limitations and fails
10  function–way–result (different way and result). Accordingly, Claim 1 is not infringed, and Claims
11  2–10, which depend from Claim 1, are likewise not infringed.



COMPLAINT

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

1
2
3
4
5
6
7
8
9
10
11
12



13    24.    Claim 11 of the '174 Patent recites:

14    A treatment device, comprising:
            a body containing a processing unit;

15

16            a plurality of generator elements disposed within the body and being independently
              operable to output different energy types; 30 a housing having a proximal end, a

17            distal end, and a circumferential wall defining an interior surface, the distal end of
              the housing being positionable on skin about an area of the skin; and

18

19            a separator defining and maintaining a space between the 35 plurality of generator
              elements and the interior surface of the housing.

20

21

22    25.    Claim 11 recites the same core limitations—independently operable generator

23    elements providing different energy types, and a housing with insulating material that permits

24    energy flows to the target skin area and limits flows outside the housing. The Accused Product

25    again is single-modality heat, its three LEDs are not independently operable, and its cup lacks

26    insulating/limiting functionality. Any equivalence theory would read those express limitations out

27

28

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

of the claim and fails the function–way–result test for the same reasons above. Therefore, Claim 11 is not infringed, and Claims 12–17 fall with it.

26.    Claim 18 of the '174 Patent recites:

A treatment device, comprising:
> a body containing a processing unit and power source including a rechargeable battery;
>
> a plurality of generator elements disposed within the body and being independently operable convert electricity from the power source to a plurality of different energy types; and
>
> a housing removably securable to the body, the housing having a proximal end, a distal end, and a circumferential wall,
>
> wherein the distal end of the housing is positionable on skin about an area of skin,
>
> wherein the housing includes an insulating material for permitting flows of the different energy types toward the area of skin and limiting flows of the different energy types outside the housing, and
>
> wherein the processing unit is configured to modify an intensity of at least one of the different energy types in response to a control signal.

27.    Claim 18 likewise requires a plurality of generator elements that are independently operable to provide different energy types, along with a housing that directs energy to skin and limits it outside the housing using insulating material. The Accused Product lacks each of these elements (single thermal modality; ganged LEDs; no insulating/limiting housing). Equivalence would again vitiate the independence/different-type limitations and fails function–way–result. Claim 18 is not infringed, and Claims 19–20 are not infringed for the same reasons.

28.    Likewise, there is no infringement by equivalents of the "drive mechanism that determines a predetermined stroke length" limitation. A mechanism that lets a user set/adjust stroke length (variable stroke) is not equivalent to a fixed-geometry arrangement that offers no stroke selection at all. The function, way, and result differ: selecting a stroke vs. offering none;

-8-

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

using an adjustment mechanism vs. a non-adjustable fixed eccentric; producing multiple selectable strokes vs. a single immutable stroke. Expanding the claim to cover a fixed-stroke design would nullify the stroke-setting requirement and improperly capture foreseeable alternatives that were not claimed. Accordingly, Plaintiff's Accused Product does not infringe claim 1, either literally or under the doctrine of equivalents.

29.    Likewise, since the presumably valid independent Claims 1, 11 and 18 of the '174 Patent are not infringed, nor are the remaining dependent claims. *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9, 1553 (Fed. Cir. 1989) (a dependent claim cannot be infringed if any claim from which it depends is not infringed).

30.    Defendants' baseless infringement reports on the Amazon platform have caused imminent and real threat of an infringement lawsuit. Defendants' submission of the infringement complaint to Amazon has caused, and continues to cause, immediate and irreparable harm to Plaintiff by removing the Accused Product from the market.

31.    A substantial, immediate, and real controversy exists between Plaintiff and Defendants regarding the non-infringement of the '174 Patent.

32.    Plaintiff seeks a declaratory judgment that Plaintiff's Accused Product does not directly or indirectly infringe the presumably valid one or more claims of the '174 Patent, either literally or under the doctrine of equivalents, under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq.*

33.    Plaintiff is also entitled to recover damages caused by Defendants.

## COUNT II
### (DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY OF ONE OR MORE CLAIMS OF THE '174 PATENT)

COMPLAINT

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

1

2

     34.    Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

3

4

5

6

     35.    An actual, continuing and justiciable controversy exists between Plaintiff and Hyperice concerning the validity and enforceability of the '174 Patent, as evidenced by Hyperice's allegations of infringement on Amazon, as set forth above.

7

8

9

10

11

12

     36.    The claims of the '174 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112, at least in view of the prior art cited herein, *see* **Exhibits C, D, E, F, G,** and **H** as well as any additional prior art that may come to light during this litigation.

13

14

15

16

17

18

19

20

21

22

     37.    By way of example and not limitation, at least U.S. Patent Application Publication No. 2014/0378555 to Hung et al. ("Hung"), published December 25, 2014, discloses a facial-treatment handpiece combining multiple modalities—microcurrent via electrodes, controlled heating (about 34–45 °C), and vibration (e.g., ~30–35 Hz or 5–6 MHz)—with user-selectable parameters for each. Hung teaches independently controllable, different energy types within a portable housing having skin-facing delivery, which is useful for the "plurality of generator elements," "independent operability," and "different energy types" aspects of the '174 Patent. A true and correct copy of Hung is attached hereto as Exhibit C.

23

24

25

26

27

28

     38.    By way of example and not limitation, at least U.S. Patent Application Publication No. 2012/0283605 to Lewis ("Lewis"), published November 8, 2012, discloses a portable therapeutic ultrasound system with an energy-generating module (power source, oscillator, driver) and a transducer/lens assembly packaged in a compact body to direct acoustic output toward tissue. Lewis shows generator elements disposed within a body containing electronics, with a shaped

output pathway that permits energy flow toward the skin and limits stray output, which is useful for the "body containing electronics," "generator elements in the body," and directional-control features of the '174 Patent. A true and correct copy of Lewis is attached hereto as Exhibit D.

39.     By way of example and not limitation, at least U.S. Patent No. 2,431,525 to Vecchio ("Vecchio"), issued November 25, 1947, discloses an electro-therapeutic pad combining a heating element and a vibrator, each on separate circuits with adjustable pulsation. Vecchio shows co-located, different energy types (thermal + mechanical) under independent control in a skin-contacting housing that channels energy into the contact area, which is useful for the "plurality of generator elements," "independent operability," and housing-based delivery aspects of the '174 Patent. A true and correct copy of Vecchio is attached hereto as Exhibit E.

40.     By way of example and not limitation, at least U.S. Patent Application Publication No. 2010/0280582 to Baker ("Baker"), published November 4, 2010, discloses cryolipolysis applicators that combine suction (negative pressure) with controlled thermal exchange via a conductive plate in a cup-like housing having proximal/distal geometry and circumferential walls. Baker teaches a skin-placed housing that directs thermal flux toward tissue and inherently limits heat flow outside while providing a second energy type (pressure/suction), which is useful for the housing geometry/placement and "permit flows toward skin / limit flows elsewhere" as well as different-energy-type aspects of the '174 Patent. A true and correct copy of Baker is attached hereto as Exhibit F.

41.     By way of example and not limitation, at least U.S. Patent Application Publication No. 2011/0112405 to Barthe ("Barthe"), published May 12, 2011, discloses an ultrasound hand wand with a removable transducer module ("cap") that mechanically/electrically mates to a handle containing power and control electronics, presenting a skin-facing acoustic window at the distal

-11-

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

end. Barthe is useful for the "housing removably securable to the body," proximal/distal geometry, and electronics-in-body/energy-emitter-in-head architecture of the '174 Patent. A true and correct copy of Barthe is attached hereto as Exhibit G.

42.    By way of example and not limitation, at least U.S. Patent Application Publication No. 2012/0165710 to Nichols ("Nichols"), published June 28, 2012, discloses a handheld facial device coupling motorized vibration with microcurrent therapy (optionally ultrasound), with independent user controls and detachable skin-contacting heads on a compact body housing the electronics. Nichols teaches a plurality of generator elements, independent operability, different energy types (mechanical/electrical, optionally ultrasonic), and replaceable distal components consistent with a removably securable housing, which are useful for multiple limitations of the '174 Patent. A true and correct copy of Nichols is attached hereto as Exhibit H.

43.    Defendants' baseless infringement reports on the Amazon platform have caused imminent and real threat of an infringement lawsuit.  Defendants' submission of the infringement complaint to Amazon has caused, and continues to cause, immediate and irreparable harm to Plaintiff by removing the Accused Product from the market.

44.    A substantial, immediate, and real controversy exists between Plaintiff and Defendants' regarding the validity of the '174 Patent.

45.    Plaintiff seeks a declaratory judgment that the claims of the '174 Patent are invalid and unenforceable for failure to meet the conditions of patentability and/or otherwise comply with one of more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

46.    Plaintiff is also entitled to recover damages caused by Defendants.

## PRAYER FOR RELIEF

-12-

COMPLAINT

WHEREFORE, Plaintiff pray for judgment against Defendants' as follows:

A.    For judgment in favor of Plaintiff against Defendants' on all claims.

B.    Declaring that Plaintiff's Accused Product does not infringe any of the claims of the '174 Patent;

C.    Declaring that the claims of the '174 Patent are invalid and unenforceable for failing to satisfy the criteria of 35 U.S.C. §§ 101, 102, 103 and/or 112;

D.    Preliminary and permanent injunctions ordering Defendants' to withdraw all Amazon infringement complaints lodged against the Plaintiff's Accused Product based on the '174 Patent, and to refrain from lodging any further infringement complaints regarding the same (the "Order");

E.    Ordering Defendants' to return to the Court with proof of compliance of the Order within seven (7) days of entry thereof, with a copy served on Plaintiff's attorney;

F.    A finding that this case is exceptional and an award to Plaintiff of their costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

G.    Awarding Plaintiff damages due to Defendants'' improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

H.    Awarding Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

I.    Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages;

J.    Awarding pre- and post- judgment interest; and

K.    Awarding Plaintiff such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

-13-

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

1

2
Respectfully submitted,

3
Date: August 21, 2025                    By: /s/ Ruoting Men

4
Ruoting Men, Esq. (WSBA No. 63842)

5
GLACIER LAW LLP
506 SECOND AVENUE, SUITE 1516

6
SEATTLE, WA 98104

7
ruoting.men@glacier.law
Tel: +1 (212)729-5049

8

9
***Counsel for Plaintiff***

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049